IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Andrell Whitner, ) | C/A No. 0:16-2848-HMH-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden, *Tyger River Correctional Institution*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Edward Andrell Whitner, a self-represented state inmate, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 17.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Whitner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 18.) Whitner filed a response in opposition (ECF No. 20), and the respondent filed a reply (ECF No. 21). Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted, and Whitner's Petition should be denied.

**BACKGROUND**

Whitner was indicted in January 2004 in Greenville County for possession of marijuana with intent to distribute within close proximity of a school, possession of crack cocaine with intent to distribute within close proximity of a school, possession of marijuana with intent to distribute, and trafficking crack cocaine (2004-GS-23-81, -82, -83, -84). (App. at 342-53, ECF No. 16-3 at 46-57.) Whitner was represented by Christopher Scalzo, Esquire, and on March 8, 2006 was tried before a

jury and found guilty as charged. The circuit court sentenced Whitner to twenty-five years' imprisonment for trafficking crack cocaine, and ten years' imprisonment for each of the remaining three charges, all sentences to be served concurrently. (App. at 245, ECF No. 16-2 at 92.)

Whitner filed a direct appeal, but his conviction and sentence were affirmed by the South Carolina Court of Appeals, and the South Carolina Supreme Court denied his petition for a writ of certiorari. Whitner then filed an application for post-conviction relief ("PCR"), which was denied by the state circuit court. The South Carolina Court of Appeals granted Whitner's petition for a writ of certiorari; however, in a *per curiam* opinion, the South Carolina Court of Appeals affirmed the decision of the lower court. Whitner filed a petition for rehearing, which was denied. Whitner's petition for a writ of certiorari to the South Carolina Supreme Court was also denied. This action followed.

## FEDERAL HABEAS ISSUE

Having exhausted his state remedies, Whitner asserts the following issue in the instant petition for a writ of habeas corpus:

> **Ground One:** Ineffective Assistance of counsel
> **Supporting Facts:** At PCR hearing, trial counsel testified that he reviewed the search warrant in the case and was aware of Hollingsworth's statement. A statement made by Donald Hollingsworth was use by Officer Torrance White of the Greenville County Sheriff's Office. In that statement Hollingsworth stated that he []went by the house on the corner of "Old Paris Mt. Rd. and Attu Street" where he purchased drugs. The statement was use to obtain a search warrant for "202 Mack St.," which Hollingsworth never mentioned his statement. As a result of this I was arrested and charged with trafficking. Hollingsworth wasn't present at my trial, nor was his statement ever mentioned, or used as evidence. Only after filing a complaint with the Commission on Lawyer Conduct did my attorney send me this statement, so I had to argue on PCR, and been denied on every stage since.

(Pet., ECF No. 1 at 5) (errors in original; internal citation omitted).



**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the



court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 582 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134



S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Summary Judgment Motion**

The court construes Whitner's sole ground for relief as raising a claim that trial counsel was ineffective because he failed to challenge the search warrant used to conduct a search of the house where drugs were found and Whitner was arrested. Specifically, the court construes Whitner's



Petition as arguing that the search warrant was invalid because the officer's purported probable cause to support the warrant came from a statement by Donald Hollingsworth, who indicated he bought drugs in a different house than the one listed on the search warrant.

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims"). To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions



were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Supreme Court has held that a decision containing a reasoned explanation is not required from the state court. As stated above, if no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. In the case at bar, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court, which may provide reasons or theories that the appellate court could have relied upon in summarily denying Whitner's petition. Therefore, the court turns to the question whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

Whitner was arrested by the Greenville County Sheriff's Office after drugs were found in a local residence pursuant to a search warrant. At trial, Whitner argued to the jury that he did not know about the drugs, he never possessed the drugs, he did not live at the residence, and that he was not a drug dealer. (App. at 23, ECF No. 16-1 at 27.)

At the PCR hearing, Whitner testified that the search warrant obtained by the sheriff's office was based on information from a statement by Donald Hollingsworth, who had been pulled over by sheriff's deputies.[1] (App. at 312, ECF No. 16-3 at 16.) Whitner testified that Hollingsworth told deputies he had purchased drugs from a house on the corner of Old Paris Mountain Road and Attu

---

[1] Whitner attached a copy of Hollingsworth statement to his PCR application. (App. at 302, ECF No. 16-3. at 6.)



Street, and the deputies used this information to obtain a search warrant for a house on Mack Street, the house at which the deputies found drugs and arrested Whitner. (App. at 314, ECF No. 16-3 at 18.) Whitner also testified trial counsel never discussed Hollingsworth's statement or challenging the validity of the search warrant with him. (App. at 213, ECF No. 16-3 at 17.)

Trial counsel testified he could not remember whether he considered challenging the validity of the search warrant, and he did not have an independent recollection of Hollingsworth's statement. (App. at 320, 330, ECF No. 16-3 at 24, 34.) However, trial counsel testified that their defense at trial was that Whitner did not live in the residence where the drugs were found, and to have standing to challenge the validity of the search warrant, they would have had to concede that Whitner lived at the residence. (App. at 321, ECF No. 16-3 at 25.)

The PCR court found Whitner failed to meet his burden of proving trial counsel did not properly challenge the search warrant. Specifically, the PCR court found Whitner failed to produce any evidence to corroborate his argument that challenging the warrant based on Hollingsworth's statement would have changed the outcome of his trial.

The court finds the PCR court's decision is not contrary to, or an unreasonable application of, clearly established federal law. Whitner failed to put forth any evidence that would show the deputy's assertion of probable cause was based on Hollingsworth's statement. In his PCR application and response to the motion for summary judgment, Whitner references a "Greenville County Sheriff's Office Supplemental Report" drafted by the deputy who obtained the search warrant, which purportedly states, "with Hollingsworth's statement and my observation of the transaction I obtained a legal search warrant" for the house at which Whitner was arrested and drugs were found. (App. at 299A, ECF No. 16-3 at 3; Petr.'s Resp. Opp'n Summ. J., ECF No. 20 at 1.) However, the purported supplemental report does not appear in the record before this court.



Moreover, as described by Whitner, the supplemental report does not show that the deputy who obtained the search warrant relied solely on Hollingsworth's statement. Instead, it also references a transaction, presumably for the sale of drugs, personally observed by the swearing officer. Accordingly, Whitner failed to provide any evidence that the deputy who obtained the search warrant lacked probable cause to believe the house in which Whitner was arrested contained drugs and drug paraphernalia. Lacking such evidence, trial counsel would have had no basis to challenge the validity of the search warrant. Consequently, Whitner has failed to demonstrate that the PCR court erred in determining that Whitner failed to produce evidence showing that trial counsel could have successfully challenged the validity of the search warrant and changed the outcome of his trial. See Strickland, 466 U.S. at 694.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment be granted (ECF No. 17), and Whitner's Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 9, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).